UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ROCHELLE GRIFFEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-306-PPS |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Plaintiff Rochelle Griffey is appealing the Social Security Administration's denial of her application for Supplemental Security Income (SSI) benefits. She contends that the ALJ made several critical errors in assessing whether she was disabled. While I'm not sure I agree with all of Griffey's criticisms of the ALJ's written decision—and I do not address all of them in this opinion—I do agree that the ALJ erred by failing to adequately address the moderate limitations he noted in Griffey's concentration, persistence, and pace when he determined she was not disabled. As a result, a remand is required to address this missing component of the decision.

## Background

This is not the first time Rochelle Griffey has applied for Social Security benefits claiming she was disabled. She previously applied for Social Security Disability Insurance (SSDI) in December 2011. That claim was denied in March 2012, and she did

not appeal the decision. [A.R.[1] 12.] On January 13, 2015, she filed an application for SSI, alleging a disability beginning on July 15, 2002—effectively seeking a reopening of her prior claim. [*Id.*] This claim was denied initially, upon reconsideration, by an ALJ after a full hearing, and then by the Appeals Council. [*Id.*] Now it is before me.

In her application for benefits, Griffey claimed both physical and mental health impairments, although in her testimony at the hearing and in the written decision, her physical impairments were the primary focus. [*See* A.R. 15.] In assessing Griffey's condition, the ALJ determined that Griffey had the following severe impairments: degenerative disc disease, status-post left wrist surgery; bilateral shoulder impingement, right hip osteoarthritis, obesity, chronic headaches, and depression. [A.R. 14.] But the ALJ determined that none of these impairments, on their own or taken together, met one of the applicable Social Security Listings that would presumptively entitle Griffey to benefits.

The ALJ recognized Griffey's abilities were limited on account of her impairments. In particular, after reviewing her mental health history and medical opinion evidence, he found she had (1) mild limitations understanding, remembering, or applying information; (2) moderate limitations in interacting with others; (3) moderate limitations in concentration, persistence, or pace (known in Social Security lingo as "CPP"), and (4) no limitations in adapting or managing herself. [A.R. 18.] In

---

[1] The Administrative Record can be found at Docket Entry # 12 and is referred to as A.R. throughout the opinion. Citations to page numbers are to those in the lower right-hand corner of the A.R.

support of the CPP limitation, the ALJ relied on the Agency psychologist reviews of Griffey's file, which "noted the claimant would be reasonably capable of learning, remember[ing] and understanding routine tasks, while attending to such tasks with likely some difficulties in ability to sustain concentration for extended periods of time, but also managing routine changes found in simple work and managing interactions in the workplace." [A.R. 17-18.]

At the next stage of the evaluation, the ALJ determined Griffey's Residual Functional Capacity (RFC), which is basically a claimant-specific summary of her maximum abilities across various areas used to determine whether they can sustain gainful fulltime employment. Here, the ALJ found that Griffey could perform sedentary work. Sedentary work is defined by federal regulations as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). Sedentary work further involves sitting, and occasional walking and standing. *Id.* The ALJ further reduced the range of sedentary work Griffey could perform by stating she could only occasionally climb ramps and stairs; could not work on ladders, ropes or scaffolds, or on uneven or slippery surfaces; could only occasionally stoop and crouch, never crawl or kneel; could frequently finger, handle and feel objects; and could never work at unprotected heights or dangerous machinery. [A.R. 19.] Concerning the effect of Griffey's mental health impairments on her RFC, the ALJ found that she should be limited to "simple, routine, and repetitive tasks" and that she could "interact with and react appropriately with supervisors, coworkers, and the general public on a frequent basis." [*Id.*] These two limitations

appear to be the ALJ's effort to incorporate the moderate limitations in CPP and interacting with others discussed above.

The ALJ then used this RFC to determine whether Griffey could find fulltime work. To do so, the ALJ consulted a Vocational Expert (VE) who attended and listened in on the hearing via telephone. [A.R. 34] To do so, the ALJ posed a series of hypothetical questions to the VE which aimed to incorporate the restrictions contained in the RFC. The hypothetical questions included an individual limited to "simple, routine and repetitive tasks." [A.R. 64.] In response to this limitation, the VE said that such a limitation would confine the hypothetical individual to unskilled work, but that the unskilled jobs of patcher, touch up screener, and charge account clerk would all still be available. [*Id.*] Based upon this testimony, the ALJ determined that there was sufficient fulltime work available for Griffey, given the limitations contained within her RFC. [A.R. 24.] Given this, the ALJ found that Griffey was not disabled and denied her application for benefits. [*Id.*]

**Discussion**

At the outset, it should be emphasized that my review of an ALJ's decision in Social Security benefits cases is generally deferential. I do not sit as a trial court examining the evidence and facts in the first instance to determine if the claimant is disabled. Instead, I look only to whether the ALJ applied the correct legal standards and whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). Substantial evidence is evidence that "a reasonable person would accept . . . as adequate to support the conclusion." *Young v.*

*Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The ALJ does not have to "discuss every piece of evidence, but when the ALJ fails to support [their] conclusions adequately, remand is appropriate." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In a similar vein, "an ALJ cannot rely only on the evidence that supports [their] opinion." *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) (citation omitted). Furthermore, the ALJ "must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). It could be a called a light review, but it's a meaningful review nonetheless.

First, I note that Griffey has not appealed the ALJ's decision to deny her constructive request to re-open her prior denial of Social Security Disability Insurance benefits. [*See* A.R. at 12; *see also* DE 21 at n.2 (noting Griffey has not appealed this aspect of the ALJ's decision).] So that specific issue and the prior denial of Griffey's application for SSDI benefits isn't before me, and I will only address the application for SSI.

Moving on to the substance of Griffey's appeal, she raises five separate arguments. First, she says that the RFC determination did not adequately account for her moderate limitations in CPP. Second, she says the finding that she could interact with co-workers and the general public "on a frequent basis" as part of the RFC is unsupported by the evidence. Third, Griffey says the RFC did not sufficiently incorporate her hip problems and their associated physical limitations. Fourth, she makes a generalized argument that the ALJ impermissibly "played doctor" in assessing her medical records. Finally, Griffey says that the ALJ read too much into her daily

activities and used her "role as a mom against her." [DE 20 at 15.] I need not address all of these arguments, however, because it is apparent that the ALJ in this case failed to adequately formulate an RFC which accounted for the limitations that the ALJ found in Griffey's CPP. It is not a tremendous error, but it is an error and one which is enough to require a remand and further evaluation of Griffey's claim.

Here, the ALJ and thus the VE, simply limited Griffey to unskilled work on account of her moderate limitations in CPP. The RFC said that Griffey should be "limited to simple, routine, repetitive tasks," in addition to her being able to interact with co-workers, supervisors and the general public on a frequent basis. [A.R. 19.] When the ALJ posed his hypothetical to the VE, he asked "If I was to further limit that individual to simple, routine and repetitive tasks and limit the individual further [so] that they could inter interact with and react appropriately to supervisors, coworkers and the general [] public, no more than [on] a frequent basis would that individual be able to do those three jobs you had previously identified, patcher, touch up screen and charge account clerk?" [A.R. 64.] The VE responded in the affirmative, adding "I think, you're describing unskilled work now and I gave you examples of unskilled work, those jobs do remain." [*Id.*]

This is exactly the sort of broad-brush approach to CPP limitations that the Seventh Circuit has held to be impermissible. "As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. This includes any deficiencies the claimant may have in concentration, persistence, or pace." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th

Cir. 2014) (citations omitted). But there is no reference in the RFC or the subsequent hypotheticals posed to the VE based on this which accounts for the CPP limitations that the ALJ credited, specifically "difficulties in ability to sustain concentration for extended periods of time." [A.R. 17-18.] Instead, there is only the broader limitation to "simple, routine, and repetitive tasks" [A.R. 19], but that, on its own, is insufficiently tailored to Griffey's actual CPP limitations which would implicate the ability to stay on task and concentrate over the course of an eight-hour workday. *See Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008) (holding that ALJs may not simply limit claimants to simple, unskilled work as a means of addressing mental impairments).

The Commissioner responds in two ways: first, he says that the ALJ's RFC determination sufficiently captured Griffey's moderate CPP limitations, full stop. Second, he says that a reversal is not warranted because Griffey has not articulated any specific limitation that she thinks the ALJ should have included. In support of this argument, the Commissioner primarily relies on *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019), for the proposition that an RFC limiting an individual to "simple, routine, repetitive tasks" is sufficient, so long as the record shows the ALJ otherwise "considered all limitations supported by record evidence." 923 F.3d at 497.

But while the Seventh Circuit did affirm a denial of benefits in *Jozefyk* on that basis, it has also even more recently made clear that *Jozefyk* should be understood to be limited in its holding. *Crump v. Saul*, 932 F.3d 567, 571 (7th Cir. 2019). "In *Jozefyk*, we determined that any error in formulating the RFC was harmless because the claimant had not testified about any restrictions in his capabilities related to concentration,

persistence, or pace, and the medical evidence did not otherwise support any such limitations." *Id.* Here of course, the medical evidence, which the ALJ credited, did support a CPP limitation, particularly as to Griffey's "ability to sustain concentration for extended periods of time." [A.R. 17-18.] That makes *Jozefyk* distinguishable and the error here not harmless. The Seventh Circuit has made clear that "the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record," but that simply isn't the case here. *Yurt*, 758 F.3d at 857; *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) (same). Likewise, in *Jozefyk*, there was no testimony from the claimant or other medical evidence in the record concerning their CPP limitations. *See Crump*, 932 at 571 (discussing and distinguishing *Jozefyk*). Here, there was at least the medical evidence discussed above and some limited testimony from Griffey concerning her issues with comprehension. [*See* A.R. 55.] And while I am sympathetic to the Commissioner's point that Griffey's failure to identify any specific limitations that should have been included in the RFC makes her case weaker, the Commissioner does not identify any controlling case law on this point. Thus, that argument doesn't provide a basis to affirm the ALJ's decision.

Finally, it is worth addressing how the ALJ discounted some (and even much) of Griffey's testimony regarding the severity of her mental health impairments. For example, Griffey denied having days when she skipped or missed prescribed medicines and denied the effectiveness of her medications. But her medical records suggested the opposite. [A.R. 16.] Indeed, much of Griffey's testimony was contradicted by the medical records and at times seemed unbelievable. Griffey testified to immense,

constant levels of pain (including a constant 10, or highest possible level of pain, in her hip), which, as the ALJ noted was unsupported by the underlying medical evidence. [A.R. 21.] The ALJ summarized this finding by stating that "the claimant alleges all manner of symptom severity and level of functional deficit including constant level 7-10/10 pain, despite no clinical observation for acute distress . . . ." [A.R. 22.] On appeal, Griffey does not point out any specific medical evidence which supports Griffey's testimony or undermines the ALJ's conclusion on this point. The ALJ further noted multi-year gaps in Griffey's medical treatment, which suggested the severity of her symptoms were not as great as claimed. [A.R 20.] But in the end, even the most glaring inconsistencies which might undermine portions of Griffey's testimony, do not undermine the medical evidence which the ALJ cited favorably and adopted regarding her CPP. If that was the case, then ALJ needed to make that finding.

As such, the ALJ's RFC did not adequately account for the moderate CPP limitations he agreed Griffey had. Thus, even if I agree with the ALJ's credibility assessment of Griffey's testimony in its entirety and see no other issues with the written decision, the decision cannot stand based on this omission. Thus, a reversal and remand is required. As previously mentioned, Griffey raised additional arguments concerning the ALJ's written decision which are not addressed here. She and her counsel may raise those on remand before the ALJ.

**Conclusion**

For the foregoing reasons, the decision of the ALJ is REVERSED and the matter is REMANDED for further consideration consistent with this opinion.

SO ORDERED on March 6, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT